**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **MATTHEW FORTKAMP** | ) | Case No.: 3:14-CV-438 |
| | ) | |
| *Plaintiff*, | ) | Judge James G. Carr |
| | ) | |
| v. | ) | |
| | ) | |
| **CITY OF CELINA**, | ) | **PLAINITFF'S FIRST AMENDED** |
| | ) | **COMPLAINT** |
| *Defendant*. | ) | |
| | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |

NOW COMES PLAINTIFF, Matthew Fortkamp, by and through his undersigned

counsel of record, and hereby files his First Amended Complaint, pursuant to this

Court's Order permitting the same (Doc. #17).

## I.    INTRODUCTION

1.  This is a civil action for declaratory judgment, preliminary and permanent injunctive relief, monetary damages, and attorney fees, for disability discrimination and violations of Plaintiff's rights under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and Ohio's anti-discrimination laws, contained in Ohio Revised Code Chapter 4112.

## II.    JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction, pursuant to 28 U.S.C. §1331 (federal question) over the primary claim in this case, brought pursuant to the ADA.

3.    The Court has supplemental jurisdiction over Plaintiff's state law statutory claims by virtue of 28 U.S.C. §1367.

4.     Venue is proper in the Western Division of the Northern District of Ohio as the acts and omissions or failures to act took place, at least in part, in the City of Celina, Mercer County, Ohio.

5.     Plaintiff has complied with the conditions precedent for bringing an action under the ADA.  To-wit: Plaintiff has filed a timely charge of discrimination with the United States Equal Employment Opportunity Commission and the Ohio Civil Rights Commission with respect to his disability discrimination claim. Plaintiff received his Notice of Right to Sue and has filed this Complaint less than 90 days after receipt.

## III.  PARTIES

### A.    Plaintiff

6.     Plaintiff Matthew Fortkamp ("Fortkamp" or "Plaintiff") is a resident of Mercer County and the City of Celina, Ohio.

7.     Fortkamp is an "employee" of the City of Celina within the meaning of the ADA and within the meaning of Chapter 4112 of the Ohio Revised Code.

8.     At all times relevant to the claims alleged in this Complaint, Fortkamp was perceived or regarded as being disabled by his employer, and/or had a record of a physical impairment.  Plaintiff was able to perform all the essential functions of his job as an Electric Line Maintenance Worker ("Electric Lineman") without any accommodation.

### B.    Defendant

9.     Defendant City of Celina ("Celina") is a municipality in, and/or political subdivision of, the State of Ohio capable of suing and being sued.

10.     Celina is an "employer" within the meaning of the ADA and within the meaning of Chapter 4112 of the Ohio Revised Code.

## IV.  STATEMENT OF FACTS

11.     Plaintiff was employed by Celina as an Electric Meter Reader from on or about May, 1999 until April 23, 2001, at which point he was promoted to the position of Electric Lineman.

12.     On November 10, 2003, Fortkamp sustained an injury to his back while at work.

13.     Fortkamp reported the injury to Celina within an hour-and-a-half and further reported the injury the next day to the appropriate employer representatives.

14.     In addition, Fortkamp completed Celina's Injury/Accident Report the day of the injury.

2

15.     As a result of the injury, Fortkamp took multiple work-related injury leaves between 2003 and 2007.

16.     Between 2007 and 2008, Fortkamp was on "total disability leave" as determined by the Ohio Bureau of Workers Compensation ("BWC").

17.     On October 3, 2007, Fortkamp underwent surgery on his back that was approved by the BWC.

18.     After surgery and rehabilitation, Fortkamp was fully restored to good health and was again able to fulfill his duties as an Electric Lineman.

19.     To demonstrate his ability to perform employment-related tasks, Fortkamp successfully completed Functional Capacity Tests, received clearance from the BWC, and received a release for work from his physician of record as well as his treating neurosurgeon.

20.     Fortkamp expected to fully return to work for his employer as an Electric Lineman and was fully released to return to work by his surgeon on or about October 8, 2008.

21.     Fortkamp was cleared by BWC to return to his former position, full-duty, without restrictions, effective December 15, 2008.

22.     In planning for his return, Fortkamp's vocational rehabilitation specialist, Eileen Mitchell-Welch, contacted Celina to set an agreed-upon date for Fortkamp's return.

23.     To supplement this request to return to work, Fortkamp provided, *inter alia*, documentation in the form of:

    a.  The recommendation of his physician of record, Dr. Keith Snow, D.O.; and

    b.  An Independent Medical Evaluation ("IME") completed by Dr. Joseph Ruskin ninety days post operative which stated that Fortkamp would most likely be able to return to his former position with continued rehab and healing.

24.     Notwithstanding the examinations, reports, and clearance from Fortkamp's treating doctors, Celina refused to permit Plaintiff to return to work.  The reasoning provided by Celina was that Fortkamp was likely to re-injure himself.  Celina speculated that the imagined cost of some possible future claim was reason enough to deny Fortkamp's return.

25.      Fortkamp further provided medical documentation to exhibit his ability to return to work, as an Electric Lineman, without restrictions.  A functional job analysis and Functional Capacity Examination (FCE) were administered and completed by the President of the Workability Center, Rick Wickstrom, P.T., upon referral by BWC.

3

26.     Celina did not rely on this documentation, but instead sent Fortkamp for a fitness-for-duty evaluation to another doctor of its choice, Dr. David Randolph, M.D., M.P.H., Board Certified Evaluation Physician in Disability.

27.     Based upon Celina's position and misinformation provided, Dr. Randolph disagreed with all of the reports, tests, and evaluations obtained by or provided by Plaintiff.

28.     Notably, as a result of the fitness-for-duty evaluation he conducted, Dr. Randolph:

   a.     Concluded that Fortkamp was at an increased risk of or possibility for re-injury;

   b.     Undertook a critique of the effectiveness of the surgical procedure Fortkamp had undergone;

   c.     Indicated that Fortkamp had complained of low back pain in the past; and,

   d.     Indicated that the physical demands of the job warranted a heavy-to-very-heavy rating that was not considered by the medical professionals and that Fortkamp was qualified only to return to medium work activities.

29.     As a result of the above findings, Dr. Randolph wrote a letter to Celina dated January 24, 2009, in which he concluded that Fortkamp was "incapable of performing… the essential functions of [the] position of Electric Lineman."

30.     Relying on the January 24, 2009 letter by Dr. Randolph, Celina sent Fortkamp a letter dated March 27, 2009, notifying Fortkamp that Celina would exhaust Fortkamp's remaining sick leave and would move forward with involuntary disability separation procedures.

31.     After several denials by the City to allow him to return to work as an Electric Lineman, Fortkamp filed a timely charge of disability discrimination against Celina on April 17, 2009.

32.     On or about June 2, 2009, Fortkamp submitted to another IME to be completed by Dr. Donato Borillo, M.D., J.D., and M.S. This IME concurred with Dr. Mullin's prior report that Fortkamp was in good health and was ready to return to work in his prior position.

33.     On July 7, 2009, Dr. Randolph sent an addendum to his January 24th letter, affirming his conclusion that Fortkamp was not fit for duty as an Electric Lineman, while attempting to deflect the findings of Dr. Mullin and Dr. Borillo.

34.     On October 28, 2009, Celina offered Fortkamp the position of Meter Reader 1, at the entry level step. The Meter Reader 1 position paid $13.67 per hour as opposed to

the Electric Line Maintenance Worker 1 position which paid between $21 and $22 per hour.

35.     Celina, maintaining that it regarded and continues to regard Fortkamp as disabled, and/or because of Fortkamp's record of having a physical impairment, "accommodated" Fortkamp by demoting him to his former position of Meter Reader. Fortkamp accepted this "accommodation job offer" from Defendant, as part of his obligation to mitigate his damages, even though it resulted in him losing all of his seniority, even though it meant he was put on probation as a new hire.

36.     Fortkamp has continued to pursue the Electric Lineman position and has utilized the legal system, including the Ohio Civil Rights Commission, to obtain relief.


## V.      STATEMENT OF THE CLAIMS

### COUNT 1
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

37.     Plaintiff hereby incorporates by reference all preceding paragraphs as if fully restated herein.

38.     Defendant's acts, omissions, or failures to act deprived Plaintiff of rights guaranteed to him by the Americans with Disabilities Act.

39.     Plaintiff is a member of a protected class because Defendant regarded him as disabled, treated him as though he were disabled, and/or because Plaintiff had a record of having a physical impairment.

40.     Plaintiff is qualified for the position he held prior to his injury and can perform the essential functions of his job *without* any accommodation.

41.     Defendant discriminated against Plaintiff in violation of the Americans with Disabilities Act by refusing to fully reinstate him based on its perception that he was disabled and could not perform the essential functions of the job.

42.     As a direct and proximate consequence of Defendant's unlawful and discriminatory misconduct, described above, Fortkamp: suffered emotional distress and humiliation; lost salary, wages, and benefits; incurred attorneys' fees and costs of litigation; and has been otherwise injured. Some or all of his damages will continue to accrue indefinitely into the future.

43.     Defendant is therefore liable to Plaintiff for disability discrimination in violation of the ADA.

**COUNT 2**
**VIOLATION OF OHIO REVISED CODE  §§4112.02 AND 4112.99**

44.    Plaintiff hereby incorporates by reference all preceding paragraphs as if fully restated herein.

45.    Defendant's acts, omissions, or failures to act deprived Plaintiff of rights guaranteed to him by Chapter 4112 of the Ohio Revised Code Chapter.

46.    Plaintiff is qualified for the position he held prior to his injury and can perform the essential functions of his job *without* any accommodation.

47.    Defendant discriminated against Plaintiff in violation of O.R.C. § 4112.02 by refusing to fully reinstate him based on its perception that he was disabled and could not perform the essential functions of the job, and/or based upon Plaintiff having a record of a physical impairment.

48.    As a direct and proximate consequence of Defendant's unlawful and discriminatory misconduct, described above, Fortkamp: suffered emotional distress and humiliation; lost salary, wages, and benefits; incurred attorneys' fees and costs of litigation; and has been otherwise injured. Some or all of his damages will continue to accrue indefinitely into the future.

49.    Defendant is therefore liable to Plaintiff for disability discrimination in violation of O.R.C. § 4112.02, and subject to providing relief to Plaintiff pursuant to § 4112.99.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Honorable Court:

A.  Issue a preliminary and permanent injunction prohibiting Defendant from abridging the rights of Plaintiff, including a non-discrimination provision;

B.  Issue a declaratory judgment finding that the acts and omissions of Defendants as set forth herein violate Plaintiff's rights under the Americans with Disabilities Act and O.R.C. § 4112, specifically prohibiting discrimination on the basis of disability and perceptions of disability;

C.  Issue a preliminary and permanent injunction requiring Defendant to grant Plaintiff reinstatement with back pay;

D.  Order Defendant to put Plaintiff in his "rightful place," including reinstatement to his prior position and restoration of any seniority lost due to Defendant's violations;

E.  Make Plaintiff whole with appropriate back pay, front pay, benefits, and compensatory damages;

F.   Grant Plaintiff pre-judgment and post-judgment interest on the amounts awarded as allowed by law;

G.   Award Plaintiff costs and reasonable attorney fees; and,

H.   Grant such other relief as is necessary to make Plaintiff whole.


Respectfully submitted,

*s/ Stuart Torch*                                    *s/ Gregory D. Wilson*
Bruce B. Elfvin (0015694)                 Gregory D. Wilson (0031506)
bbe@elfvinbesser.com                      gwilson1@woh.rr.com
Barbara Kaye Besser (0017624)
bkb@elfvinbesser.com                      Wilson Law
Stuart Torch (0079667)                     101 North Front Street
stuart.torch@elfvinbesser.com        P.O. Box 69
                                                          St. Marys, Ohio 45885-0069
Elfvin & Besser                                 Phone 419-394-2323
4070 Mayfield Road                          Fax 419-394-5755
Cleveland, Ohio  44121-3031
216.382.2500 (voice)
216.381.0250 (facsimile)


*Attorneys for Plaintiff Matthew Fortkamp*



**JURY DEMAND**
Plaintiff demands a trial by jury on all claims that may be so tried.

*s/ Stuart Torch*
One of the attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

The foregoing **PLAINITFF'S FIRST AMENDED COMPLAINT** was served via the Court's Electronic Filing System on all parties.


<u>October 15, 2014</u>                                        *s/ Stuart Torch*
Date                                                                    One of the Attorneys for Plaintiff


1758\Pleadings\First Amended Complaint_FINAL
